# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 15-cr-0020-JWD-SCR |
| | § | |
| JESSE H. ROBERTS, III | § | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO STAY

### I. INTRODUCTION

The defense respectfully requests a stay as the United States Supreme Court decides an important insider-trading issue that will significantly impact Mr. Roberts's trial. Judge Robert G. James has granted a stay on these grounds in *United States v. Adcox*, No. 15-CR-00036 (W.D. La.). (*See* Order Granting Stay, attached as Exhibit A.)

This Indictment alleges two "personal benefits" to alleged tipper Scott Zeringue: first, it alleges a *pecuniary gain*—that Jesse Roberts "gave Zeringue $30,000 in cash constituting Zeringue's share of the insider trading proceeds"; second, it alleges a *close family relationship*—that Roberts and Zeringue were friends and brothers-in-law. (*See* Indictment, ¶¶ 2, 13 (d), 14(k).)

On January 19, 2016, the Supreme Court granted certiorari in *Salman v. United States* to address the proper legal standard for a "personal benefit" to a tipper in a criminal insider-trading case:

> Does the personal benefit to the insider that is necessary to establish insider trading under *Dirks v. SEC*, 463 U.S. 646 (1983), require proof of "an exchange that is objective, consequential, and represents at least a potential gain of a pecuniary or similarly valuable nature," as the Second Circuit held in *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014), cert. denied, No. 15-137

555978.1

> (U.S. Oct. 5, 2015), or is it enough that the insider and the tippee shared a close family relationship, as the Ninth Circuit held in this case?

*See Salman v. United States*, 2015 WL 7180648, at *1 (Nov. 10, 2015).

The Supreme Court's decision in *Salman* will govern the jury instructions at Mr. Roberts's trial. Thus, as set out more fully below, this Court should stay Mr. Roberts's case pending the decision in *Salman*. In the only other Shaw/CBI-related criminal insider-trading case proceeding to trial—*United States v. Adcox*, No. 15-CR-00036 (W.D. La.)—Judge James granted the stay based on *Salman*. (*See* Exhibit A.)

## II. ARGUMENT

District courts have broad discretion to stay proceedings in the interests of justice after weighing (1) hardship or inequity on the moving party if a stay is denied; (2) prejudice to the non-moving party if a stay is granted; and (3) judicial economy. *See Morris v. Wyeth, Inc.*, 2011 WL 311009, at *1 (W.D. La. Jan 27, 2011) (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) and *Falgoust v. Microsoft Corp.*, 2000 WL 462919 (E.D. La. Apr. 19, 2000)); *see also Smith v. Shelter Mutual Ins. Co.*, 2015 WL 6454825, at *2 (M.D. La. Oct. 26, 2015).

Courts have repeatedly stayed proceedings when issues pending before the Supreme Court or Fifth Circuit were likely to significantly impact the case. *See, e.g.*, *Wyeth*, 2011 WL 311009, at *2 (granting stay pending Supreme Court resolution of issue relevant to case, citing *Continental Holdings, Inc. v. Liberty Mutual Insurance Co.*, Civil Action No. 09–0595 (W.D. La. Sept. 9, 2009) (granting stay pending Fifth Circuit resolution of a relevant issue in another case)). The Court should do the same here.

First, the hardship and inequity on Mr. Roberts would be significant without a stay. Mr. Roberts would be forced to prepare for a felony criminal trial with the law on an essential element of insider trading unresolved. This would require the defense to devote resources to legal issues, potential witnesses and other evidence, and trial strategies that may well prove unnecessary after the decision in *Salman*. Specifically, if the Court in *Salman* rules that a "close family relationship," without more, establishes a "personal benefit," that element likely would not be a focus of Mr. Roberts's defense (because Zeringue is his brother-in-law). If, however, the Supreme Court requires a pecuniary benefit, Mr. Roberts could choose to challenge the Government's proof on that element.

The strategic decision by the defense whether to challenge at trial the "personal benefit" element would impact more than simply legal motions or the exhibit list. Most significantly, Mr. Roberts's decision on whether or not to testify will depend in part on the legal standard now pending in *Salman*. If the prosecution must prove a pecuniary benefit, that could weigh significantly on both the defense's decision whether to challenge that legal element and Mr. Roberts's decision whether to testify; but if the prosecution merely need establish a close family relationship, it is doubtful the personal benefit element will be a focus at trial. Thus, a pre-*Salman* trial would unfairly require the defense to devote substantial time and effort to issues that may prove a waste of time, and unfairly require Mr. Roberts to make a constitutionally-significant decision in the midst of legal uncertainty. A stay is justified on this basis alone, even if a stay would result in some prejudice to the Government.

Second, however, it is difficult to perceive any real prejudice to the Government if a stay is granted. Trial currently is scheduled for November 28, 2016. *Salman* is set for argument during the Supreme Court's October 2016 term, *see* http://www.

3

555978.1

supremecourt.gov/orders/16grantednotedlist.pdf, and likely will be decided by early 2017. Mr. Roberts's trial could be scheduled as soon as reasonably practical following *Salman*. The Government cannot credibly argue that a delay of months will result in prejudice, *e.g.*, by turning fresh memories stale. Indeed, Mr. Roberts allegedly received inside information and traded in July 2012. The Government waited until February 2015, more than two-and-a-half years later, to obtain an indictment.

Third, even if some prejudice to the Government resulted, judicial economy still strongly favors a stay. Without question, *Salman* will impact the jury instructions at Mr. Roberts's trial. A trial prior to *Salman* would inherently call into question the accuracy of the jury instructions and thus create the possibility of an unnecessary appeal or appellate issue. As discussed previously, uncertainty regarding the jury instructions would significantly impact the defense's pretrial decisions—on witness lists, exhibit lists, motions in limine, etc.—and therefore could burden the Court with unnecessary legal and evidentiary issues before and at trial.

The prosecution has suggested to the defense that a "special verdict" could resolve the issues above. Special verdicts have long been viewed with disfavor in criminal cases. *See Thomas v. United States*, 2009 WL 3248061, at *6 (N.D. Tex. June 18, 2009) ("The Federal Rules of Criminal Procedure do not expressly authorize special verdicts, and their use is generally disfavored.") The defense objects to one here. A special verdict would not avoid the burden and inequity on the defense and Mr. Roberts. The defense still would be forced to make strategic decisions before and during trial without knowing the state of the law on insider trading; and Mr. Roberts would have to do the same regarding his decision on whether to testify. Additionally, a special verdict would not necessarily avoid legal error in the instructions or an unnecessary appeal or appellate issues. Although the Court in *Salman* may hold that one of the

4

two current legal standards is correct, the Court also could set forth a new legal standard that this Court and the parties cannot predict in a special verdict.

## III. CONCLUSION

For all the reasons above and as in *Adcox*, the Court should issue a stay pending the Supreme Court's decision in *Salman*.

DATED:  March 30, 2016                                             Respectfully submitted,

**SMYSER KAPLAN & VESELKA, L.L.P.**

*/s/ Shaun Clarke*
Shaun Clarke, Lead Attorney
State Bar No. 24054
Dane Ball (*Pro Hac Vice)*
TX State Bar No. 24051642
Razvan Ungureanu (*Pro Hac Vice*)
TX State Bar No. 24085630
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2300 (phone)
(713) 221-2320 (fax)
sclarke@skv.com
dball@skv.com
rungureanu@skv.com

**ATTORNEYS FOR DEFENDANT
JESSE H. ROBERTS, III**

## CERTIFICATE OF CONFERENCE

I hereby certify that my partner, Dane Ball, has discussed the relief requested in this motion with counsel for the Government.  The Government opposes a stay.

*/s/ Shaun Clarke*
Shaun Clarke

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 30th day of March, 2016.

                                                */s/ Shaun Clarke*
                                                Shaun Clarke